(No. 12055.—Judgment affirmed.)

AUGUST SCULLY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(EDWARD DEVITO, Defendant in Error.)

*Opinion filed October 21, 1918.*

1. WORKMEN'S COMPENSATION—*what kind of "excavation" is extra-hazardous.* Any kind of excavation that is attended with more than ordinary dangers of a simple occupation is extra-hazardous within the meaning of paragraph 2 of section 3 of the Workmen's Compensation act, which mentions "construction, excavating or electrical work;" and this includes the digging of sewer trenches with shovel and spade.

2. SAME—*when injury arises out of and in the course of employment.* A sewer digger who, while riding with his employer in the latter's automobile truck at the employer's request, for the purpose of getting material for use at the place where the excavation for a sewer is going on, is injured by a collision between the automobile and a street car, is within the protection of the Workmen's Compensation act, and the injury is one arising out of and in the course of his employment though he had not reached the place where the excavating work was going on.

3. SAME—*when employment is not casual.* The word "casual," used in the Workmen's Compensation act, has reference to the contract for service, and where a workman has been employed for several months as a sewer digger his employment is not casual, even though at the time of his injury he was riding with his employer, at the latter's request, to get material for use in the excavating work then being done.

4. SAME—*when amount awarded by Industrial Board is conclusive.* If the finding of the Industrial Board as to the amount to be awarded for permanent partial disability is within the limit authorized by law and is a legitimate conclusion from the facts shown by competent evidence it is conclusive upon the Supreme Court.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

TRUMAN H. MINER, ALFRED ROY HULBERT, and GEO. A. OLESON, for plaintiff in error.

C. E. HECKLER, and R. E. HOWE, for defendant in error.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

This writ of error is prosecuted to review the record and judgment of the circuit court of Cook county confirming the award of the Industrial Board and entering judgment in favor of Edward DeVito, defendant in error, and against plaintiff in error, August Scully, his employer, for temporary total disability and for permanent partial disability, and for the sum of $200 for first aid, medical, surgical and hospital service. The judge of the circuit court certified that the cause was one proper to be reviewed by this court.

The injury for which defendant in error claimed compensation was received by him on May 16, 1916. Plaintiff in error on that date was, and for a number of years prior thereto had been, engaged in the business of sewer building in the city of Chicago. The business consisted in making the necessary excavation and laying pipes for connecting the sewer and water pipes of the city with the private drains and water pipes of buildings under construction, which connecting pipes run into and under said buildings. Plaintiff in error was a licensed sewer builder and usually did his work under sub-contracts let to him by contractors for the plumbing work on the buildings, and he usually employed from two to five men for such work. DeVito had been in the employ of plaintiff in error as a laborer for about five months prior to and on the day of his injury in digging or excavating ditches from the inside of the houses to the sewers and water mains in the streets. It was also a part of his duty to assist plaintiff in error in gathering and transporting material to and from different jobs on which they were engaged. He and plaintiff in error both lived in the

same house and were brothers-in-law. He usually took a street car on his way to and from his work. On the morning of the injury he was waiting on the corner of a street for a street car to go to his work when plaintiff in error came along in his Ford automobile truck and directed him to get on the truck and go with him to the pipe yard to get some pipe, and also to pick up some pipe on Central Park avenue which had been left over from another job and take it to the job on which they were then working. DeVito got onto the truck and accompanied the plaintiff in error to the pipe yard on Taylor street and Fortieth avenue and there assisted plaintiff in error in loading some pipe fittings onto the truck. They then started to the place on Central Park avenue to pick up the material left over from a job there. On their way the truck was struck by a street car at Central Park and Chicago avenues, and DeVito received by the collision a broken arm and several cuts about the throat and face, from which injuries he has been totally incapacitated from work for 29 weeks and suffered a permanent partial disability, by reason of which he has been unable to earn half as much since he returned to work as he earned before he received his injury. DeVito had received for his wages $3.75 a day, or over $20 per week.

We cannot agree with plaintiff in error's contention that the business or occupation in which he was engaged and at which DeVito was working when injured was not extra-hazardous and therefore not within the terms of the Workmen's Compensation act. The digging of sewer trenches with a shovel or spade must be held to be excavating within the meaning of the statute,—as much so as if the excavation be made with machinery. Although the evidence does not disclose that fact, yet, as a matter of fact, it is within the common knowledge of everyone that trenches of the character that DeVito excavated usually extend under the walls of the buildings and under the sidewalks and out into the streets. In such work he was necessarily exposed, occasion-

ally, to the danger of the walls caving in, of material falling on him from buildings, and also of coming in contact with sewer and other dangerous gases, as well as to other dangers. Paragraph 2 of section 3 of the Workmen's Compensation act names as extra-hazardous businesses or occupations, "construction, excavating or electrical work." The various kinds of excavating that the statute denominates as extra-hazardous are not specifically mentioned, but they necessarily include any kind of excavation that is attended with more than ordinary dangers of a simple occupation. The digging of post-holes, or the digging of small drains for the surface drainage of houses or tents to prevent flooding with surface water in time of rains, would not be more hazardous than simple occupations, and, as has heretofore been indicated by the decisions of this court, such occupations, while in a sense coming within the common definition of "excavating," would not be deemed and held extra-hazardous. The trenches dug by DeVito necessarily had to be as deep as the sewers and water mains laid in the streets, and it requires no stretch of the imagination to see and understand at once that his occupation was more dangerous than an ordinary occupation and therefore extra-hazardous. The degree of the hazard, alone, is not the test as to whether or not the occupation is extra-hazardous. Plaintiff in error's business was extra-hazardous, and while it is true that other excavations can be named that are more hazardous, still that is no reason for saying that his business does not come within the terms of the statute. *Uphoff* v. *Industrial Board,* 271 Ill. 312; *McLaughlin* v. *Industrial Board,* 281 id. 100.

DeVito was injured in the course of his employment and his injuries arose out of the employment. He was acting under the specific directions of his employer when he started to his working place to pick up the left-over material, and he and his employer were then engaged at a branch of the work necessary and incident to the main business or occu-

pation in which he was employed,—the gathering up and carrying material necessary to be used in such business or occupation. The danger to which he was subjected arose by reason of his obedience to the directions of his employer and while engaged in an act or work which was a necessary incident of the main business of his employer. It does not matter that he had not yet arrived at the place where the excavating was to be done. An injury may occur within the course of the employment and arise out of it even though it happen while the employee is on his way to or from his usual place of employment or while engaged in the doing of an act that is necessary to or an incident of the employment. *Friebel* v. *Chicago City Railway Co.* 280 Ill. 76; *Alexander* v. *Industrial Board,* 281 id. 201; *Chicago Cleaning Co.* v. *Industrial Board,* 283 id. 177.

DeVito's employment was not casual, as argued by the plaintiff in error. His employment cannot be said to have been uncertain, haphazard, irregular or incidental as distinguished from stated or regular. The word "casual," in the statute, has reference to the contract for service, and not to the particular item of work being done at the time of the injury. (*Aurora Brewing Co.* v. *Industrial Board,* 277 Ill. 142.) The evidence in the record clearly discloses that DeVito had been regularly employed by plaintiff in error for five months at his business or occupation of digging or excavating for sewers, etc. Within the meaning of the statute he was engaged at that very work or occupation when he was injured, although at the particular time of his injury he was only doing an act or work that was a mere incident of his employment. *Alexander* v. *Industrial Board, supra.*

The Industrial Board found that DeVito was totally disabled for a period of 29 weeks and allowed him $10 a week for that period, which was one-half, or less, of the weekly wage he was receiving at the time he was injured. He was allowed $5 a week for permanent partial disability covering

a period of 342 weeks. In addition to said sums he was entitled to and allowed $200 as first aid, medical, surgical and hospital service. His total allowance by the board, in addition to his first aid, medical, surgical and hospital service, amounts to $2000. The limit to which the board might have gone in its allowance, under paragraph (*h*) of section 8 of the Workmen's Compensation act, would have been $2080, or $5 a week for a period of 416 weeks for the permanent partial disability. Plaintiff in error insists that the evidence in the record does not furnish any basis for such a finding, because the evidence shows that the injured arm was permanently disabled only fifteen per cent of its ordinary usefulness. The evidence shows, however, that the injury was such that the earning capacity of DeVito was impaired one-half by reason of the incapacity of the arm for the employment in which he had been engaged. As a result of the fracture his arm was left badly deformed. The ends of the fractured bone are in malposition, the lower fragment having slipped up over the upper fragment. The union of the broken bone is not firm. It is what is known as a fibrous union, and the arm is an inch and a quarter shorter than it was prior to the fracture. The evidence also shows that DeVito is compelled to do such work as shoveling principally with one arm, and his permanent earning capacity has been seriously impaired. There is ample evidence in the record to sustain the finding of the board. The finding of the board on this question being a legitimate conclusion from the facts proved by competent evidence, such finding is conclusive upon this court. *Squire-Dingee Co.* v. *Industrial Board,* 281 Ill. 359.

For the reasons above given the judgment of the circuit court is affirmed.        *Judgment affirmed.*