BESSIE M. SMITH, Petitioner

*vs.*

HEINE SAFETY BOILER COMPANY, Employer

AND

OCEAN ACCIDENT AND GUARANTEE CORPORATION LTD., Insurers.

York.    Opinion February 12, 1921.

*Workmen's Compensation Act.    Marriage certificate of petitioner admissible without
authentication.    Its probative value a proper question to be considered with other
evidence.    A presumption of lawful marriage arises from cohabitation.
Rule as to general reputation and cohabitation being sufficient evidence
of marriage.    A lawful marriage may be inferred from collateral
facts and circumstances.    Cohabitation presumed to be law-
ful till contrary appears.    The finding by the chairman
on the question of marriage, one of law, not of fact,
hence reversible if erroneous.    Claim for com-
pensation not necessarily to be made in
writing.    It is sufficient if employer is
appraised that compensation is claimed.
Notice of claim for compensation may
be waived by employer.    Employer
having once waived such notice is
estopped thereafter.    "Casual"
employment defined.*

This is an appeal from the decree of a single justice in conformity with the decision
of the late chairman of Industrial Accident Commission, denying compensa-
tion to Bessie M. Smith claiming as dependent widow of Warren H. Smith.

The chairman considered but two of the defenses raised by the respondents, to wit,
the first and fourth, and holding thereunder in the order named.

(a)   That the petitioner had not proved her marriage to the decedent, or that she
was a dependent widow of Warren H. Smith, and

(b)   That no claim for compensation under the laws of the State of Maine had
been made by the petitioner or by any person in her behalf upon the respondents
within one year from the time of the injury.

*Held:*

1. As to the question of proof of marriage, the burden of proof, and the character of testimony necessary to prove marriage in a case coming under the act, we think the finding of the chairman is erroneous.

In the progress of the case and in his deliberations thereon, upon the question of marriage, he was dealing with a question of law. He rejects the marriage certificate unless substantiated by testimony. Such testimony of its authenticity was not produced, but the certificate of marriage was admissible nevertheless, without authentication. What its probative value might be was a question for him to consider with all the other evidence in the case upon the issue involved.

2. Cohabitation, as husband and wife, is evidence from which the law presumes lawful marriage. So also where the presumption may be repelled, it will fix upon the party, who thus holds himself out to the world in the character of a husband, liabilities as it respects others, which attach to this relation.

3. It is a general rule that in all civil personal actions, except that for criminal conversation, general reputation and cohabitation are sufficient evidence of marriage.

4. The proof of marriage, as of other issues, is either by direct evidence establishing the fact, or by evidence of collateral facts and circumstances from which its existence may be inferred. Evidence of the former kind, or what is equivalent to it, is required upon the trial of indictments for polygamy and adultery and in actions of criminal conversation; but in all other cases, any other satisfactory evidence is sufficient.

5. It is competent to show their conversation, addressing each other as man and wife. Their cohabitation also as man and wife is presumed to be lawful till the contrary appears.

6. The act does not require the claim for compensation to be in writing, or that it should be made in unequivocal language or terms. It does require that claim for compensation shall be made within one year after the accident. Such claim may be made orally, by a claimant or some person in his behalf; may be made in writing, and the terms will meet the requirements of the act if the employer is thereby apprised that compensation is claimed, and is put upon his notice that a claimant seeks the benefit of the act. And, too, the notice of a claim for compensation may be waived, and was waived in this case by the defendant through its manager and superintendent, Mr. Cline, who immediately after the accident corresponded with petitioner, offering counsel and assistance and seeking to take charge of the proceedings and expenses of enforcing the claim for compensation.

7. A statutory or even a constitutional provision made for one's benefit is not so sacred that he may not waive it, and having once waived it he is estopped from thereafter claiming it.

8. Our conclusion therefore is that the appeal should be sustained, the decree reversed, and that the petitioner is entitled to receive compensation at the rate of ten dollars per week for a period of three hundred weeks from the date of the injury, the maximum amount fixed by Section 12 of the Act.

On appeal by claimant from a decree of a single justice in conformity with the decision of the chairman of the Industrial Accident Commission, denying compensation to Bessie M. Smith claiming as dependent widow of Warren H. Smith. On December 10, 1916, Warren H. Smith, alleged husband of claimant, a resident of Elmira, New York, while in the employment of Heine Safety Boiler Company in superintending the erection of four boilers for the Pepperell Manufacturing Company at Biddeford, Maine, sustained injuries by falling from a ladder which caused his death thirty-five minutes later. On October 21, 1918, claimant filed her petition with the Industrial Accident Commission of Maine. Prior thereto claimant filed a petition with the New York Industrial Accident Commission, which eventually was dismissed, the court refusing to take jurisdiction of the injury. Of the eight different defenses raised by the respondents in their answer, the chairman considered but two, viz: That the petitioner had not proved her marriage to the decedent, or that she was a dependent widow of Warren H. Smith, and that no claim for compensation under the laws of Maine had been made by the petitioner or by any person in her behalf upon the respondents within one year from the date of the injury. After a hearing on the petition the chairman ruled that claimant had not sustained the burden of proving her alleged marriage to decedent, and further ruled that claimant, or any person in her behalf, had not made a claim for compensation upon respondent within one year after the death of Warren H. Smith. From such findings claimant appealed. Appeal sustained, and decree reversed. Decree in accordance with opinion.

The case is fully stated in the opinion.

*Benedict F. Maher, and James L. Boyle*, for petitioner.

*William H. Gulliver, and William B. Mahoney*, for respondents.

SITTING: SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

HANSON, J. This is an appeal from the decree of a single justice in conformity with the decision of the late chairman of the Industrial Accident Commission, denying compensation to Bessie M. Smith claiming as dependent widow of Warren H. Smith.

Warren H. Smith, the deceased employee, a man forty years of age, was at the time of the accident causing death, and for many years preceding, a resident of Elmira, New York. He had been employed

by the Heine Safety Boiler Company since nineteen hundred, and at the date of his death and for two years prior thereto, he had been receiving ninety dollars per month for his services. His employment required him to work wherever his employers had contracts to erect boilers. This duty made it necessary during the years since 1900 to visit various States, and he had several times prior to the date of his death worked for his employer in Maine.

On March 20, 1916, decedent came to Biddeford to superintend the erection of four boilers for the Pepperell Manufacturing Company. He brought with him his own crew of skilled mechanics, and secured his unskilled laborers in Biddeford. The work was finished November 16, 1916, and decedent and his crew returned to Massachusetts. Later, on receipt of notice that a leak had occurred in some of the connecting pipes, decedent with a helper returned to Biddeford to make necessary repairs.

The work was performed on Sunday, December 10, 1916, and was nearing completion in the evening of that day when decedent fell from a ladder sustaining injuries causing death thirty-five minutes later.

The defendant's general superintendent, Edward S. Cline, was at once notified, through the Boston office of the Company, and he on December 18, 1916, caused an employer's report to be filed with the Commission, and also made a report to the Ocean Accident & Guarantee Corporation.

Upon advice of counsel the petitoner herein filed a claim before the New York Industrial Commission and received an award of compensation. On appeal by the respondents to the Supreme Court the award was affirmed, but on further appeal to the Court of Appeals the decision of the lower court and Commission was reversed and the claim dismissed, May 28, 1918.

On October 21, 1918, the claimant filed her petition with the Industrial Commission of Maine.

The respondents in their answer admit that the accident occurred as claimed, that the cause of the injury was as stated, and that decedent was in the employ of the defendant company, but

1. Not denying that the applicant is the widow of Warren H. Smith, and as to whether there are any other dependents of said Warren H. Smith, they allege they are not informed, "and leave the applicant and others interested to make such proof thereof as to them may seem material."

2.   They deny liability under the Compensation Insurance Act of the State of Maine, or

3.   That the dependent was carrying on business in the State of Maine within the meaning of the statute, and deny that it had in its employ in said State employees to the number of five or more.

4.   They deny that any notice or claim for compensation with respect to said injury was made upon either of the respondents within one year after the occurrence of the same.

5.   They deny the jurisdiction of Industrial Accident Commission, because the defendant is a Missouri corporation, and because decedent was not a resident of Maine, and

6.   Because the contract of employment was made in the State of Massachusetts, and

7.   Because the business of the Heine Safety Boiler Company in Maine was of purely transitory and casual character, and

8.   Because the claim has been finally adjudicated in the State of New York.

The chairman considered but two of the defenses raised by the respondents, to wit:   The first and fourth, and holding thereunder in the order named.

(a)   That the petitioner had not proved her marriage to the decedent, or that she was a dependent widow of Warren H. Smith, and

(b)   That no claim for compensation under the laws of the State of Maine had been made by the petitioner or by any person in her behalf upon the respondents within one year from the time of the injury.

On the question of proof of marriage and dependency, the chairman says:   "As evidence of her marriage claimant offered what purports to be an original certificate of marriage issued in another State and signed by John Masterson, Justice of the Peace or Alderman—Claimant's Exhibit H.   This certificate was admitted on condition that it be later substantiated by testimony.   No oral testimony whatever was later offered as to the source from which this certificate came, as to identity of the parties or qualification of person solemnizing the marriage.   It was simply produced by the witness Smith.   This bare certificate unsupported by testimony either as to its genuineness or applicability to the parties in interest is not admissible evidence and has no probative value as evidence of the fact it was offered to prove.

The chairman would not care to base a finding of dependency in whole or in part on this certificate. He is not satisfied that the certificate is genuine.

No evidence was presented by anyone who had witnessed the ceremony of marriage. Evidence was given by Cline, Smith and Weatherhold as to cohabitation of parties, and their reputation as man and wife. This alone from these witnesses is not sufficient.

The question of who are legal dependents of a deceased employee is a matter that should not be lightly passed on by a compensation commission. Claimants as dependents are frequently residents of other States far removed from the place of injury, and often reside in foreign countries. This fact is an inducement to fraudulent claims and each claim must be closely scrutinized.

While perhaps a strict proof of marriage as required in criminal indictments is not necessary, yet the Commission should be supplied with such evidence as to make a reasonable certainty of any finding based thereon. In this case a marriage in the State of Pennsylvania was to be proved. It seems to the chairman that it would have been a simple matter by the production of the record and testimony of Bessie M. Smith to have established this fact, if fact it is, beyond any doubt or suspicion instead of depending for proof of this fact on a kind of evidence that is never convincing.

The chairman is not satisfied with the evidence offered and finds as a fact that claimant has not sustained the burden of proof upon this point of marriage. Upon which her dependency is based."

As to the question of proof of marriage, the burden of proof, and the character of testimony necessary to prove marriage in a case coming under the act, we think the finding of the chairman is erroneous.

In the progress of the case and in his deliberations thereon, upon the question of marriage, he was dealing with a question of law. He rejected the marriage certificate "unless substantiated by testimony." Such testimony of its authenticity was not produced, but the certificate of marriage was admissible nevertheless, without authentication. What its probative value might be was a question for him to consider with all the other evidence in the case upon the issue involved. *Camden* v. *Belgrade*, 78 Maine, 209.

In addition he rejects as insufficient the very definite testimony of witnesses, including witnesses for the defendants, as to "cohabitation of the parties and their reputation as man and wife." And he holds

that "while a strict proof of marriage as required by the criminal indictments is not necessary, yet the commission should be supplied with such evidence as to make a reasonable certainty of any finding based thereon." In conclusion the chairman "finds as a fact that claimant has not sustained the burden of proof upon this point of marriage." Such finding is not a finding of fact but of law, based upon rules of law, and being erroneous is reversible under the act.

For fifteen years decedent had worked with Mr. Cline in the same employment for the defendant. He was the immediate superior of decedent, and they were friends. Mr. Cline knew the wife and children of decedent and testified to their friendship and his knowledge of their home surroundings, and that as the agent of the defendant he immediately communicated with her by letter as the wife of decedent tendering his sympathy and aid, as appears in his letter hereinafter quoted.

Until the question arose in this case no denial of the relation of husband and wife was ever made, nor is it denied here. The defendants challenge proof merely, and we think the petitioner has maintained the burden of proof.

In *Cram* v. *Burnham*, 5 Maine, 214-216, the court said: "In most cases, cohabitation, as husband and wife, is evidence from which the law presumes lawful marriage. So also where the presumption may be repelled, it will fix upon the party, who thus holds himself out to the world in the character of a husband, liabilities as it respects others, which attach to this relation."

"In Cunninghams and Cunninghams, also in the House of Lords on an appeal from the court of sessions in Scotland, 2 Dow, 482, which is to be found in a note to 4 Johns., 53, Lord Eldon and Lord Redesdale held 'that in cases of cohabitation, the presumption was in favor of its legality.' "

In *Carter* v. *Parker*, 28 Maine, 509, the court said: "In the case of *Birt* v. *Barlow*, Doug., 174, Lord Mansfield is reported to have said 'an action for criminal conversation is the only civil case where it is necessary to prove an actual marriage.' " The remark was in substance repeated by Lord Kenyon in the case of *Leader* v. *Barry*, 1 Esp. R., 353. In other civil cases a marriage may be inferred from long cohabitation as man and wife, and other usually attending circumstances, unless such cohabitation appear to have been illicit in its origin."

In *Taylor* v. *Robinson,* 29 Maine, 328, the court said:  " 'It seems to be a general rule, that in all civil personal actions, except that for criminal conversation, general reputation and cohabitation are sufficient evidence of marriage.' 2 Stark., Ev., 939. Mr. Greenleaf in his treatise on Evidence, Vol. 2, Sec. 461, says, 'the proof of marriage as of other issues, is either by direct evidence establishing the fact, or by evidence of collateral facts and circumstances, from which its existence may be inferred. Evidence of the former kind, or what is equivalent to it, is required upon the trial of indictments for polygamy and adultery and in actions of criminal conversation; but in all other cases, any other satisfactory evidence is sufficient.' And he says in Section 462, 'It is competent to show their conversation, addressing each other as man and wife. Their cohabitation also as man and wife is presumed to be lawful, till the contrary appears. The evidence introduced in proof of the marriage, was such as had been allowed in all civil cases. And we find no authority for a distinction in cases where the party to the marriage is a party to the suit, and wishes to prove the marriage, and where the attempt to establish the marriage is by one who is a stranger thereto.' " *Fenton* v. *Reed,* 4 Johns, 52, *Pratt* v. *Pierce,* 36 Maine, 448, *Taylor* v. *Robinson,* 29 Maine, 323, *Camden* v. *Belgrade,* 78 Maine 209, in which is cited 2 Greenleaf Ev. Chaps. 462-3; 1 Gr. Ev. Chap. 104, et seq., *Snowman* v. *Mason,* 99 Maine, 493, L. R. A. 1915, E., 35, and cases cited; *Voshall* v. *Kelley Island L. & T. Co.,* 13 Ohio, L. Op., 278; *Rossi* v. *S. Oil Co.,* 2 Cal. Ind. Acc. Comm., 338; See note, 13 Neg. & Com., Cases 199-200; *Hill* v. *Fuller Co.,* 1 Cal. Ind. Acc. Comm., No. 10, Page 5; cited also in No. 6 Neg. & Com. Cases 253; *Travers* v. *Reinhardt,* 205 U. S., 423, 27 Sup. Ct. Reps., 563; Davis Pryor, 112 Fed., 274; *Barnam* v. *Barnum,* 42 Md., 251; *Eaton* v. *Eaton,* 66 Neb., 676.

As to the claim for compensation, Chap. 50, R. S., 1916, Sec. 17 of the act provides that "no proceedings for compensation for an injury under this act shall be maintained unless a notice of the accident shall have been given to the employer within thirty days after the happening thereof; and unless the claim for compensation with respect to such injury shall have been made within one year after the occurrence of the same, or, in case of his physical or mental incapacity, within one year after the death or the removal of such physical or mental incapacity."

That written notice of the accident was given to the employer is conceded, and the chairman in his finding states that "it is the latter part of this section alone that we have to consider under this part of the answer," and rejecting the oral testimony offered by the brother of decedent that he had made claim for compensation representing the widow, as well as declining to admit a copy of a letter of petitioner's attorney to the defendant stating that a claim would be filed, the chairman ruled thereon as follows:

"A fair construction of that part of Section 17 relative to claim for compensation would seem to be this:   That an unequivocal claim for compensation under the Maine law should be made by the employee upon the employer within the period named, and should be made in such unequivocal language or terms as will clearly convey to the employer the knowledge that compensation under the Maine law is claimed."

The chairman concludes in these words:   "The chairman finds as a fact that claim for compensation, as provided for in Section 17, was not made either by the claimant or by anyone in her behalf upon the repondent employer within one year after the death of Warren H. Smith.   At the trial the chairman ruled, and now holds, that any notice of a claim or the making of a claim for compensation, under the New York Act would not satisfy the necessity for making the same under the Workmen's Compensation Act of the State of Maine."

Again we think the chairman erred in his ruling and finding upon questions of law.

His construction of the statute is too strict, and its adoption would deprive the act of the broad and liberal interpretation which the Legislature intended it should have.

The act does not require the claim for compensation to be in writing, or that it should be made in unequivocal language or terms.   It does require that claim for compensation shall be made within one year after the injury.   Such claim may be made orally, by a claimant or some person in his behalf, may be made in writing, and the terms will meet the requirements of the act if the employer is thereby apprised that compensation is claimed, and is put upon his notice that a claimant seeks the benefit of the act.   And too the notice of a claim for compensation may be waived, and was waived in this case by the defendant through its manager and superintendent, Mr. Cline, who immediately after the accident corresponded with petitioner, offer-

ing counsel and assistance and seeking to take charge of the proceedings and expenses of enforcing the claim for compensation. And he very frankly states that he conferred for hours with the brother of decedent upon this question, and that acting upon advice of counsel the brother decided to seek compensation in New York with the result as above stated. 224 N. Y. Court of Appeals, 9; 119 N. E., 878.

In *Conway* v. *Industrial Board of Ill.*, 118 N. E., 705, 282 Ill., 313, the court said:

"Jan. 21, 1915, claimant filed an application for adjustment of claim for injuries received August 25, 1914. Company had no notice of this claim until April 27, 1915. The act provides claim must be made within six months. 'Section 24 of the Workmen's Compensation Act of 1913 provided that no proceeding for compensation should be maintained unless claim for compensation had been made within six months after the accident. This provision is mandatory. But the claim need not be in writing. A verbal claim is sufficient. To ask for a right as due is to make a claim of that right and there is every tendency to show Kors did this. He talked the matter over with Murray, his foreman, and asked if he was not under the compensation act and ought not be getting half wages, and Murray told him *he guessed he was* under the act. Another time Murray told him his money was as good as gold; that the Conway Co., was going to pay it, and he should come and see M., who was going to pay it. It was manifest that K. was asking for compensation and the plaintiff in error was *admitting its liability.* This was sufficient claim for compensation." See also *Hornbook-Price Co.* v. *Stewart,* 118 N. E., 315, and *Moustgard* v. *Ind. Board of Ill.,* 287 Ill., 156, 122 N. E., 49, case decided in 1919 in which the court said:

"The claim need *not be in writing,* but may be verbal, and is sufficient if the employer is informed by it that the employee *intends* to claim the benefit of the act. " *Suburban Ice Co.* v. *Ind. Bd. of Ill.,* 274 Ill., 630. *Lowe* v. *Myers & Sons,* 2 K. B., 265; *Thompson* v. *Gould,* 103 L. T. R., N. S. 81, supra; *Luckie* v. *Merry,* 3 K. B., 83." See *Thompson* v. *Gould,* 103 L. T. R., N. S. 8;

The letter herein referred to reads as follows:

"General Office                               Shops

St. Louis, Mo.                   St. Louis, Mo., and Phoenixville, Pa.

### HEINE SAFETY BOILER CO.

Water Tube Boilers and Superheaters

Answering yours of          By          Phoenixville, Pa.

Subject:                              ·          1-18-17.

MRS. BESSIE M. SMITH,

The Phoenix,

410 E. Second St.,

Elmira, N. Y.

DEAR MRS. SMITH:

I am just in receipt of your letter of the 16th, and have just received a letter from our attorney, Mr. Samuel A. Whitaker, which I am enclosing to you. Had a long talk with Mr. Whitaker last night and it is his opinion that the law of the State of Maine will apply to this accident, and from his letter you will note you will be entitled to $10.00 a week for a period of three hundred weeks. He only received the copy of the Maine law yesterday and it has to be returned to the State Department at Harrisburg and he has not had time to go thoroughly into it. It seems that a lawyer in the State of Maine will have to be employed to look after that end of it. However, the act or the law provides the fees they can charge so that they will not be allowed to hold you up for any big amount. I have asked Mr. Whitaker to write to a lawyer in Maine and get copies of the legal forms that must be filled out. Mr. Whitaker's services won't cost you anything as we will take care of that so that if you have not gone to any expense or made any agreement with any attorney, do not do so for the present as Mr. Whitaker advises me that everything so far has been done to comply with the law so that your interests are being protected.

It may be a week before we get a reply from the lawyer in Maine as these lawyers do not seem to be very prompt.   The Secretary of the State of Maine is certainly very dilatory as we have written him twice for copy of the law but have not even received a reply.

Yours very truly,

HEINE SAFETY BOILER CO.,

ESC-S.                    (Signed) Per E. S. CLINE,

Supt. Erection

S"

The rejection of the copy of the letter of January 9, 1917, by which petitioner sought to show written claim for compensation, works no injury to petitioner's rights in view of the frank statement in the above letter from the Heine Safety Boiler Company, signed by E. S. Cline, and dated January 18, 1917, that "Mr. Whitaker's services (their own lawyer's services) won't. cost you anything as we will take care of that, so that if you have not gone to any expense or made any agreement with any attorney, do not do so for the present as Mr. Whitaker advises me that everything so far has been done to comply with the law so that your interests are being protected."

The defendant employer on the 14th day of December, 1916, wrote to Mrs. Smith at her home at Binghampton, N. Y., as follows:

"I feel sure that the Insurance Co. will have to settle with you liberally but do not know how long it will take or what law will apply, whether the New York, Penna. or Maine, but write me fully and I will do all I can to get as much as possible for you.

I assure you I regret this unfortunate accident and sincerely sympathize with you in your bereavement."

In the presence of such admissions of liability the defendants cannot now prevail in their contention that the petitioner failed to make a proper legal claim under the law, and it would be difficult to recall a more complete instance of waiver.

In *Roberts* v. *Packing Co.*, 95 Kan., 726, the court said:   "Apart from the fact that the defendant and its officers knew the circumstances and extent of the injury and the plaintiff was treated by

defendant's physician, *there were admissions* of liability and offers to confess judgment as well as motions that judgment be awarded in favor of plaintiff and against defendant for limited sums.' . . . . The defendant thereby waived the failure of the plaintiff to make a claim within the prescribed time or at a time earlier than it was made." *Ackerson* v. *Zinc .Co.,* 96 Kan., Atl., 781, 153 Pac., 530; *Halverhout* v. *S. W. Milling Co.,* 97 Kan., 484; *Gailey* v. *Manuf. Co.,* 98 Kan., 53 at 55; 157 Pac., 431; *Gailey* v. *Manuf. Co.,* 98 Kan., 484; 157 Pac., 431; *Knoll* v. *City of Salina,* 97 Kan., 428; *Thompson* v. *Gould,* 103 L. T. R., N. S., 85-86.   See also *Wright* v. *Bagnal,* 2 Q. B. 240; 82 L. R. T., N. S., 346; 69 L. J., N. S., 557; 1916 A. L. R. A., 92.

In *Bank* v. *Marston,* 85 Maine, 493, the court said:  "A statutory or even a constitutional provision, made for one's benefit is not so sacred that he may not waive it, and having once waived it he is estopped from thereafter claiming it." See also *Banking Co.* v. *Riley,* 108 Maine, 24-25.

In *Allen* v. *Goodnow,* 71 Maine, 425, the court said:

"When one by his *words or conduct,* wilfully causes another to believe the existence of a certain state of facts, and induces him to act on that belief, so as to alter his own previous position, or to omit to assert some right which he otherwise would have asserted, he shall not afterwards be permitted to set up a different state of facts to the injury of him thus deceived." See also *Copeland* v. *Copeland,* 28 Maine, 539. See also *Foster* v. *Dwinel,* 49 Maine, at 48;  *Holt* v. *Telephone Co.,* 110 Maine, 12; *Rogers* v. *St. Railway,* 100 Maine, 90; *Libby* v. *Haley,* 91 Maine, 331; *Titus* v. *Morse,* 40 Maine, 352; *Martin* v. *M. C. Ry. Co.,* 83 Maine, 104.

The remaining contentions of defendants are not sustained by the facts and the law of the case, for it is manifest that the petitioner is: 1.   Entitled to receive the compensation provided by law.  2.   The Safety Boiler Company was carrying on business in the State of Maine at the time of the accident.   3.   That the defendants were notified of the claim for compensation within the meaning of the act, and further that by their acts they waived such notice. 4.   That the Industrial Accident Commission of the State of Maine had jurisdiction to hear the claim, and the fact that the defendant, Heine Safety Boiler Company, was a foreign corporation, and that decedent was not a resident of Maine are immaterial; and 5.   That the contract of employment was made in Massachusetts, does not affect the rights

of petitioner, and it is manifest as well that the business of the Heine
Safety Boiler Company was not of casual and transitory character,
within the meaning of the act, as applicable to this case; and finally
that the petitioner is not precluded by the decision of the Court of
Appeals of New York. That court in effect denied jurisdiction, and
did not adjudicate on the merits of the case. The injury occurred in
Maine, not in New York, and the decision of that court was in
harmony with the intention of the laws of New York. Mistake in
seeking a forum will not work a forfeiture of a right if a petitioner
applies to the proper forum in the time prescribed by the law of that
forum, and that requirement and all others have been met by the
petitioner herein.

In *Douthwright* v. *Champlin*, 100 Atlantic, 97; 15 Neg. & Comp.,
cases 870; 91 Connecticut, 524: "Nor does our act provide com-
pensation for residents alone. Its language is not that of restriction
or limitation, but all-embracing. For example; it applies to 'all con-
tracts of employment,' and this was intended to mean wherever and
by whomsoever made. It gives compensation for 'any injury' and
this was intended to furnish to non-resident and resident alike the
new remedy. It defines an employer and an employee as 'any
person'. It excepts certain classes, and the designation of these
exceptions marks the only limitation upon the definition."

Sec. 1 of Chap. 50, R. S., Paragraph II, reads; " 'Employee' shall
include every person in the service of another under any contract of
hire, express or implied, oral or written." ... .

Paragraph III reads: " 'Assenting employer' shall include all
employers who have complied with the provisions of section six here-
of." .... The exceptions not being necessary are omitted.

The defendant, Heine Safety Boiler Company, was an assenting
employer under the act.

In *Scully* v. *Industrial Commission of Illinois*, 120 N. E., 492, 284
Ill., 567, the court said: "The word 'casual' as applied to employ-
ment in Workmen's Compensation Acts, has reference to the con-
tract of service, and not to the particular item of work being done at
the time of the injury; and an injured employee having been regularly
employed for five months at the time of the accident, his employment
was not casual."

Warren H. Smith had been employed by the defendant in the same
work for fifteen years. His employment was therefore not casual.

Our conclusion therefore is that the appeal should be sustained, the decree reversed and that the petitioner is entitled to receive compensation at the rate of ten dollars per week for a period of three hundred weeks from the date of the injury, the maximum amount fixed by Section 12 of the act. Decree in accordance with this opinion.

*So ordered.*