ALFRED DOUTHWRIGHT *vs.* FRANK A. CHAMPLIN ET AL.
(FRANK A. CHAMPLIN'S APPEAL FROM COMPENSATION
COMMISSIONER.)

* Third Judicial District, New Haven, January Term, 1917.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Our Workmen's Compensation Act applies to "all contracts of employment" whenever and by whomsoever made, and gives compensation for "any injury" to employees, whether resident or nonresident.

Every contract of employment not excepted from the operation of the Act, which is to be performed in this State, will automatically have incorporated in it the provision for compensation for injury, unless one or the other party to the contract shall indicate his refusal to accept the terms of Part B of the Act.

When work is begun in this State under a contract of employment made elsewhere, our Act does not attempt to make a new contract for the parties, but merely reads into and adds to their existing agreement an assent upon their part to the provisions of our law affecting their mutual relations, unless one or the other party to the contract indicates his refusal to accept the provisions of Part B of our Act.

In the present case the contract of employment was made in Massachusetts, where both employer and employee lived and where the principal business was carried on; and while this relation existed the employee was directed to go to Connecticut and do certain work there, in the course of which he was injured. The parties

---

* Transferred from first judicial district.

Douthwright *v.* Champlin.

accepted Part B of our Act and the respondent employer had insured his full liability thereunder. *Held* that the Compensation Act of Connecticut applied to the situation and that the courts of this State had jurisdiction to award compensation to the injured employee.

Inasmuch as the finding of the Compensation Commissioner, which should contain all facts essential to the case, becomes a part of the record upon an appeal to the Superior Court, there is ordinarily no reason why that court should formally make such finding a part of its record.

An appeal which is substantially in accordance with the form prescribed by the statute (§ 798), will not be abated merely because it fails to contain a prayer for relief; for it is only the absence of matters which are essential to the appeal that will be held to be fatal defects.

The case of *Thompson* v. *Twiss*, 90 Conn. 444, modified.

The courts of this State can enforce only such contracts as are enforceable in the jurisdiction of their origin.

The only right to workmen's compensation under a foreign statute which Connecticut courts cannot enforce, is one where the right and remedy are so united that the former cannot be enforced except in the manner and before the tribunal designated by the Act.

Argued January 24th—decided March 8th, 1917.

APPEAL by the respondent Champlin from a finding and award of compensation to the claimant Douthwright for an injury sustained by him, taken to and tried by the Superior Court in Hartford County, *Case, J.;* the court adjudged that the Compensation Commissioner had no jurisdiction in the premises, and remanded the case to him with direction to dismiss the proceeding, and from this judgment the claimant appealed. *Error and cause remanded.*

*Thomas J. Spellacy*, for the appellant (claimant).

*William B. Ely*, for the appellee (respondent Champlin).

WHEELER, J. From the finding of the commissioner it appears that a contract of employment existed between the claimant, Douthwright, and the respondent Champlin, on March 5th, 1915, and for about two years

prior thereto.    Both the parties lived in Massachusetts, and Champlin's principal place of business was in that State, and the contract was made there.

Shortly before March 5th, 1915, Champlin instructed the father of the claimant to go to Hartford, Connecticut, and sink a shaft for an elevator, and the claimant went with his father as his assistant in this work.    On March 5th, 1915, the claimant sustained an injury in Hartford, which arose out of and in the course of this employment.    Both the claimant and respondent had accepted Part B of Chapter 138' of the Public Acts of 1913, and Champlin had insured his full liability in insurance companies authorized to take such risks.

The trial court found that the commissioner had no jurisdiction in the matter at issue, and therefore sustained the appeal and remanded the case to the commissioner with directions to dismiss the proceedings for want of jurisdiction.

We have held that our State might provide, in a workman's compensation Act, compensation for injuries arising out of and in the course of the employment under a contract made in Connecticut but performed outside our State.    We held that our Act, not by direct expression, but by reasonable implication, when read in the light of its purpose, subject-matter, and history, indicated an intent that contracts of employment made here might operate outside our jurisdiction.    As a necessary corollary we held that we would "give similar effect to contracts of like character to those before us, though made under a compensation Act of another jurisdiction, provided they did not conflict with our law or public policy, and the machinery provided for the ascertainment and collection of the compensation could be used in our jurisdiction."    *Kennerson* v. *Thames Towboat Co.*, 89 Conn. 367, 381, 94 Atl. 372.

We can enforce only such contracts as are enforceable in the jurisdiction of their origin. So we apply to this somewhat novel contract the usual rules for the construction and enforcement of all contracts. The practical difficulties of enforcing the foreign contract, at least where the Act is contractual, will not be as a rule insuperable, if it is kept in mind that the right of compensation given by the Act and the venue are totally different concepts. The Act cannot create, and at the same time destroy, the right to sue upon a transitory action. The only actions to secure compensation under a foreign statute which we cannot enforce, are those "where right and remedy are so united that the right cannot be enforced except in the manner and before the tribunal designated by the Act." *Tennessee Coal, J. & R. Co.* v. *George,* 233 U. S. 354, 359, 34 Sup. Ct. 587.

Nor does our Act provide compensation for residents alone. Its language is not that of restriction or limitation, but all-embracing. For example, it applies to "all contracts of employment," and this was intended to mean wherever and by whomsoever made. It gives compensation for "any injury," and this was intended to furnish to nonresident and resident alike, the new remedy. It defines an employer and an employee as "any person." It excepts certain classes, and the designation of these exceptions marks the only limitation upon the definition.

When we turn from the substantive provisions determining the cause of action, to those provisions affecting the venue, we come upon terms and language of generality and not of restriction. Every contract of employment not excepted by the Act and to be performed within our State will automatically have incorporated in it the provision for compensation for injury, unless one or the other party to the contract shall

indicate his refusal to accept the provisions of Part B of the Act. The Act applies to every natural or artificial person who enters upon a contract of employment. When such a contract, made in another State, is entered upon here, the Act does not attempt to make a new contract for the parties. It merely makes provision for the incorporation of an additional term, either by the voluntary acceptance of the parties, or by the laws assuming an acceptance in the absence of notice of refusal to accept. If the contract had been made in New Jersey and the parties had accepted its terms, the contract itself would have included the feature of compensation. We would then have enforced the contract unless the special terms of the Act made its enforcement in this jurisdiction impracticable; for their Act, like ours, is voluntary and contractual, and our declared public policy favors an enactment of this kind. If the contract had been made in South Carolina, where there is no compensation Act, and the parties had upon entering upon its performance here accepted our Act or failed to indicate a refusal to accept it in the manner called for by the Act, it is not contended that the contract of hiring would not have been enlarged by the addition of our provision of compensation for any injured in the employment.

It is expressly conceded in the respondent's brief, and properly so we think, that parties to a contract of employment in Massachusetts may there contract with reference to our Act, or, when they come into Connecticut, may make another contract of employment so as to come within our Act.

Our General Assembly might make, as a condition of carrying out in this State a contract for hire made in another State, the observance of our Act.

If the State in which the contract is made contains a compensation Act, but by its terms, or by the con-

struction placed upon it by its own court, it is not operative outside the State of its origin, and the contract is performed in our State, the contract is in exactly the same situation it would have been in had there been no compensation Act in the foreign State. In the one case we have no contract whatever which was made in reference to a compensation Act; in the latter case we have a contract made in reference to the foreign Act, but not in reference to an Act which made its compensation feature applicable in our State. As to that feature each contract is silent. The Massachusetts Act has been construed to possess no extra-territorial effect. *Gould's Case,* 215 Mass. 480, 102 N. E. 693. So that if the parties had contracted with reference to the Massachusetts Act, the contract of employment as performed in Connecticut would have had no reference to that Act. It would merely have been a contract made in Massachusetts and performed here. So much of it as might be performed in Massachusetts would be subject to her compensation Act; and so much as might be performed in Connecticut would be subject exclusively to our Act. If Champlin had employed Douthwright in Connecticut to help in the work in Hartford, and he had been injured in its course, unquestionably, if neither party had refused to accept our Act, he could recover compensation under our statute for an injury suffered in the course of the work. Equally liable would Champlin be if Douthwright had been employed in Massachusetts.

The express acceptance of our Act by these parties added its compensation features to their contract. In the absence of their refusal, the law would have added this to their contract; in either case it would have become a part of the contract. If the Massachusetts Act had by her court been construed to have an extra-territorial effect, we should have endeavored, in an

action for an injury suffered here by an employee who contracted in Massachusetts, to have given effect to the Act as broadly as her own courts would have done. We should have treated the contract as subject to the law of the place where it was made, just as we would if the claim had been for a breach of any of its provisions. But in this case the parties did not contract with reference to the Massachusetts Act, and it is not claimed that they contracted to exclude the Connecticut Act from their contract. They merely added one term to their contract, and there is no jurisdictional reason why the contract of their making should not be enforced here. They had the right to modify or add to their contract, when they began its performance in Connecticut, as to the kind and quality of the work, the rate of wages, as to an insurance against risk, in short, as to any provision or condition of the contract, and for a like reason they had the right to add to their contract the compensation feature of our Act. The authority in this country where the precise question we are considering has arisen, is confined, so far as we are aware, to the New Jersey court. In *American Radiator Co.* v. *Rogge*, 86 N. J. L. 436, 92 Atl. 85, 94 id. 85, the contract of employment was made in New York, where there was no workman's compensation Act. The decedent was employed in New York to work in New York and New Jersey, and was injured in New Jersey while so working. The relation of the parties in New Jersey is contractual and may be implied by law, and the parties may prevent the operation of the statute by giving the prescribed notice, as in our Act. The court held (p. 439) that "the liability of the employer to make compensation is an obligation superimposed upon the original contract as a condition of its performance in New Jersey, and it is contractual in character because either party may escape the obli-

gation by giving notice that he will not be bound thereby, and because it does not arise out of any wrongdoing. But the addition of this contractual obligation by statute does not affect the contract of hiring; that is still enforced as far as it goes by its terms." 1 Bradbury's Workmen's Compensation (2d Ed.) 57. The judgment finding that the commissioner had no jurisdiction, and remanding the case to the commissioner with direction to dismiss the proceedings for want of jurisdiction, was erroneous.

The appellee pleads in abatement of the appeal because the record on appeal contains no finding by the Superior Court making the finding of the commissioner a part of the record. The finding of the commissioner must contain all facts essential to the case, and upon appeal it becomes a part of the record, and there is ordinarily no occasion that the court should make this finding a part of its record. To this extent we modify the rule of practice announced in *Thompson* v. *Twiss*, 90 Conn. 444, 446, 97 Atl. 328.

The further ground for abating the appeal is that it contains no prayer for relief. The statute, § 798, expressly provides that the appeal "shall be substantially in accordance with" the form given. The form of appeal prescribed by this statute contains such prayer for relief, and the better practice will follow the prescribed form. But when an appeal is attacked as defective, substantial and not literal compliance with this form of appeal should be the test. The absence of those matters only which are essential to the appeal will be held to make it fatally defective. This appeal contains all of the essentials prescribed by the statute, including a statement that the appellant appeals for the revision of certain errors which he claims to have occurred on the trial, and these he assigns in due form. The appeal thus conforms substantially to the pre-

scribed form. The demurrer to the plea in abatement is well taken.

There is error, the judgment is reversed and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.