FREDERICK OSTMAN *vs.* HARRY P. LEE.

Second Judicial District, Norwich, April Term, 1917.
PRENTICE, C. J., RORABACK, WHEELER, SHUMWAY and CASE, Js.

An appeal to this court will not be erased merely because it does not contain a prayer for relief.

In an action to recover the price of an automobile, the defendant claimed and testified that he merely agreed to store the car, which he took in May, free of charge until fall, and if upon examination it was then found to be in good condition and he could use it, he would buy it for $150; but that in November he found that the automobile was not what he could use. The defendant admitted, however, that he had kept possession of the car from May 5th, 1915, to the time of the trial in January, 1917, without offering to return it and without notifying the plaintiff that it was unsatisfactory, and that he had advertised it for sale together with other property of his own. *Held* that the defendant's conduct subsequent to the alleged sale, assuming his version of that contract to be credible, constituted in law an acceptance of the automobile.

Under § 24 of the Act establishing the Town Court of Stonington (11 Special Laws, p. 166), an appeal to this court may be taken from the decision of the judge of that court granting a motion to set aside a verdict.

Argued April 26th—decided June 14th, 1917.

ACTION to recover the price of an automobile alleged to have been sold to the defendant, brought to the Town Court of Stonington and tried to a jury before *Fairbrother, J.;* verdict for the defendant, which the

trial judge set aside as against the evidence, from which the defendant appealed. *No error.*

*Benjamin H. Hewitt,* for the appellant (defendant).

*Herbert W. Rathbun,* for the appellee (plaintiff).

PER CURIAM. The motion to erase the appeal because of its failure to contain a prayer for relief, is not well taken. We have recently passed upon the precise point, and the reasons there stated are equally applicable here. *Douthwright* v. *Champlin,* 91 Conn. 524, 531, 100 Atl. 97.

The motion to set aside the verdict was properly granted. The plaintiff offered evidence to prove that the defendant, after examination, on May 5th, 1915, agreed to purchase an old automobile belonging to him for $150 payable in two weeks; that the defendant took the automobile into his possession on the same afternoon and still retains it, and that he had paid no part of the purchase price.

The defendant offered evidence to prove that he agreed with the plaintiff to store the automobile until fall, free of charge, and if upon examination it was then found to be in good condition and he could use it, he would purchase it and pay for it $150, and that in November, 1915, he found the automobile was not what he could use.

If the decision of the case depended exclusively upon the weighing of these respective claims in the light of the probabilities and of the character and quality of the testimony, we should hold that these were considerations for the jury, and that the trial court was without authority to substitute its judgment for that of the jury. But the defendant's own testimony was that he had kept possession of the automobile from

May 5th, 1915, to the trial, January 2d, 1917, and had neither returned it to the plaintiff, nor told him to take it away, and that although he had frequently passed the plaintiff's place of business, he had not called upon him or told him the automobile was unsatisfactory, but had advertised it for sale together with other property of his own.

Assuming that the jury found the agreement of sale as the defendant claimed, his subsequent conduct in not informing the plaintiff, in the fall of 1915, that the automobile was not in good condition and that he could not use it, and in assuming ownership over it by keeping possession of it down to the trial, and by advertising it for sale as his own, constituted in law an acceptance of the automobile by the defendant. He cannot now be permitted to withdraw from a sale long since consummated. The ground of the decision of the trial court would be difficult to justify; the decision itself was right.

Upon the argument the plaintiff claimed that the Act establishing a Town Court of Stonington, approved April 5th, 1893 (11 Special Laws, p. 166), did not provide for an appeal from the decision granting a motion to set aside a verdict. As we read § 24 of this Act, we think that it intended to give, and did give, a right of appeal identical with that existing in the case of a decision in a related matter by a judge of the Superior Court.

There is no error.