MARY E. BANKS *vs.* ALBERT D. HOWLETT COMPANY ET AL. (ALBERT D. HOWLETT COMPANY ET AL. APPEAL FROM COMPENSATION COMMISSIONER).

Third Judicial District, Bridgeport, October Term, 1917.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

A contract of employment made in New York but having sole and specific reference to a job to be performed in Connecticut, comes within the operation of the Workmen's Compensation Act of this State, in case of personal injury to the employee while at work here pursuant to such employment.

Argued October 25th, 1917—decided January 22d, 1918.

APPEAL by the defendants from a finding and award of the Compensation Commissioner of the fifth district in favor of the plaintiff, taken to and tried by the Superior Court in New Haven County, *Warner, J.;* the court affirmed the award and dismissed the appeal, and from this judgment the defendants appealed. *No error.*

The defendant employer is a Massachusetts corporation having an office in New York City. One Rourke, a skilled painter, applied at its New York office for

employment at his trade. The defendant employer's superintendent in charge of the office was acquainted with Rourke, and hired him to do some painting in New York. After Rourke had worked a few days in New York, the New York office of the employer was notified to send some men to Waterbury in this State, to do some painting on a building there in process of erection. Its superintendent thereupon spoke to Rourke about going with others to Waterbury to perform the work, which, he said, would probably occupy two or three weeks, and informed him, Rourke, that, if he were minded to go, he would be paid the regular price of $5 a day and have his railroad fares and board paid. Rourke accepted the proposition, and went to Waterbury to work on the job. When he had been so working two or three days, and while engaged in his work, he fell from a ladder and sustained injuries from which he died a few days later. His injuries were not induced or contributed to by either intoxication or misconduct on his part. At no time was anything said between his employer or its representative and him concerning the matter of compensation in the event of his receiving injuries, or in respect to the law which should be applicable in such case.

*William B. Ely,* for the appellants (defendants).

*Clayton T. Klein,* for the appellee (plaintiff).

PRENTICE, C. J. Rourke received the injuries resulting in his death while he was engaged at work for a Massachusetts employer in Connecticut. The contract of employment between him and his employer was entered into in New York. In the latter State, as in this, workmen's compensation legislation was then in force creating rights and obligations arising out of

contracts of employment which were contractual in their nature and capable of extra-territorial operation. *Matter of Post* v. *Burger & Gohlke,* 216 N. Y. 544, 554, 111 N. E. 351.

The question here at issue is whether or not the Superior Court acted properly in confirming an award, made under Connecticut law, to the claimant as a total dependent of the deceased. The commissioner's finding of dependency is not contested. The appellants' sole attack upon the award arises out of the fact that it was made by application of the Connecticut law. Their claim is that the New York statute governs the situation and determines the rights of the parties.

The argument made in support of this claim is based upon the assumption that the contract of employment made in New York was a general one, having no reference to services to be rendered in Connecticut, and not made in contemplation of such services. Such, however, is not the situation presented upon the record. Although the contract under which Rourke was working when he was injured was made in New York, it was one made with specific reference to the rendition of services in Connecticut. It was made subsequent to the time of his original employment by the employer defendant, and while he was engaged in work thereunder. While so engaged he was approached by his employer's superintendent, who spoke to him of the Waterbury job, and made him a proposition that he go there to work upon it, if he was so minded. This proposition stated the terms upon which he would be employed if he went, and they differed from those under which he was then employed. Rourke was thus given the option to go or to refuse to go. He accepted the proposition made to him, and thereupon and under the arrangement thus made went to Waterbury. Here was a substitution of a new contract for the old. *American Radiator Co.* v.

*Rogge*, 86 N. J. L. 436, 437, 92 Atl. 85, 94 id. 85.  This substituted contract was the one under which he was working when injured, and it was made with distinct and sole reference to a Connecticut employment.  As such, it had incorporated in it, automatically, the provisions for compensation in the case of injuries prescribed by our law.  *Douthwright* v. *Champlin*, 91 Conn. 524, 527, 100 Atl. 97.

The rule thus invoked (although perhaps limited in its practical application), to wit, that a Connecticut employment which is the specific and sole subject of the contract of employment, wherever made, comes within the operation of the Connecticut law governing the payment of compensation in cases of personal injury arising therefrom, appears to be one better calculated than any other to make for uniformity of treatment, both as between those engaged upon a given work and as between persons employed in Connecticut work generally, for simplicity and convenience in remedial proceedings, and for the preservation to Connecticut citizens of the benefits which it has seen fit to prescribe for the protection of Connecticut workmen.

There is no error.

In this opinion the other judges concurred, except WHEELER, J., who dissented.