GEORGE HOPKINS *vs.* THE MATCHLESS METAL POLISH COMPANY ET AL.

Third Judicial District, New Haven, June Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

A contract of employment made in another State, to be performed here, will be governed as to compensation to the employee for an injury happening here, by the Compensation Act of the foreign State; provided that be contractual in character, like our own, and applicable, like ours, to injuries wherever occurring. On the other hand, if the foreign Act is not contractual in character, or is held by the courts of that State to be inapplicable to injuries occuring in other

States, or if there be no Compensation Act in the foreign jurisdiction, the employee of the foreign employer in beginning work in this State will, automatically, have incorporated in his contract of employment the provision for compensation found in our own Act, unless one or both of the parties to the contract indicates his refusal to accept the terms of the Act, as therein prescribed.

An exception to the foregoing rule, that the law of the place of the contract controls, arises when the *sole* and *specific* object of the foreign contract is an employment in this State, in which case our Act will govern; but this exception is not to be extended.

The plaintiff, a resident of this State, entered into a contract of employment in New Jersey with a corporation doing business there and elsewhere, which contemplated that his principal services should be rendered in this State, but that he should also render services in New York and Massachusetts. He sustained injuries here arising out of and in the course of his employment in this State. *Held* that the Compensation Act of New Jersey, substantially like our own, controlled, and that the Compensation Commissioners of this State had no jurisdiction.

The fact that a Compensation Act is contractual in character, does not prevent subsequent amendments to the Act from becoming part of a contract of employment, since election to accept the Act will be held, as matter of law, to incorporate in the contract not only all provisions of the original Act, but also any amendments thereto.

The case of *Banks* v. *Howlett Co.*, 92 Conn. 368, explained and distinguished.

Submitted on briefs June 12th—decided July 27th, 1923.

APPEAL by the defendants from a finding and award of the Compensation Commissioner of the fifth district in favor of the plaintiff, taken to and reserved by the Superior Court in New Haven County, *Wolfe, J.*, upon the facts found by the Commissioner, for the determination of this court. *Superior Court advised to vacate award of Compensation Commissioner.*

The defendant The Matchless Metal Polish Company is a corporation—the State of its incorporation not having been proven—having its principal place of business in Illinois, and offices and a business in New Jersey subsidiary to its Illinois business. It also did business in Connecticut. It made a contract of employ-

ment in New Jersey with the plaintiff, which contemplated that he should render his principal service and receive payment therefor in Connecticut, and also render service in the States of Massachusetts and New York, but did not contemplate that any of the plaintiff's services should be rendered in New Jersey.

The plaintiff is and has been for a long time a resident of the City of Waterbury, Connecticut. He suffered, in Waterbury, severe injuries arising in the course of and out of his employment. Both the defendant employer and the insurer had notice of the plaintiff's injuries. The defendant employer was insured in the Globe Indemnity Company, which was authorized to transact a compensation insurance business in Connecticut. The Globe Company "covered by a so-called blanket policy the operations of the employer respondent, such policy purporting to cover all of the employees of the respondent employer wherever they might be, in accordance with the provisions of the Workmen's Compensation Act of the State of New Jersey. . . . The said Globe Indemnity Company in fact by the said blanket policy undertook to cover all of the liability for compensation of the employer respondent with reference to its employees wherever located, but by said policy undertook and agreed to pay compensation as provided by the Compensation Act of the State of New Jersey."

Each defendant in the Superior Court assigned as reasons of appeal the Commissioner's taking jurisdiction of the claim and rendering an award thereon, and as a further error, that if he had jurisdiction he must award compensation in accordance with the Compensation Act of the State of New Jersey. In addition, the Globe Company also assigned among its reasons, that the evidence did not justify holding it primarily liable for compensation to the plaintiff.

The Commissioner adjudged that the defendants pay the plaintiff a stated award.

*Arthur B. O'Keefe, Joseph I. Shrebnik* and *Thomas F. Mitchell*, for the appellants (defendants).

*Clayton L. Klein*, for the appellee (plaintiff).

WHEELER, C. J. The defendant company, a foreign corporation, made a contract of employment with the plaintiff in New Jersey which contemplated that he should render service in Connecticut, Massachusetts and New York. The plaintiff's injuries arose in the course of and out of his employment in Connecticut. Both the company and the insurer claim that the Commissioner had no jurisdiction of this claim.

We have held that our Workmen's Compensation Act was of the elective kind, that "the relation arising between these employers and employees was that of contract" (*Kennerson* v. *Thames Towboat Co.*, 89 Conn. 367, 371, 94 Atl. 372), and that "neither employer nor workman, unless he so choose, comes within the Act. When both so elect, the Act becomes a part of the contract of employment." *Powers* v. *Hotel Bond Co.*, 89 Conn. 143, 147, 93 Atl. 245. It has been suggested in *Anderson* v. *Miller Scrap Iron Co.*, 169 Wis. 106, 170 N. W. 275, 171 id. 935, that such a construction prevents a subsequent amendment of the Act from becoming part of the contract. We think this a misconception of the effect of the election by an employer or employee. His election, as matter of law, incorporates the provisions of the Act and any subsequent amendments thereto as a part of the contract. No violation of a right of contract can arise out of this, since it is by his own election that the Act and subsequent amendments are incorporated in his contract.

We held in *Kennerson* v. *Thames Towboat Co.*, 89 Conn. 367, 94 Atl. 372, that our Compensation Act did provide for compensation arising out of a contract 'of employment, the parties to which had by their express or implied election made the Act a part thereof, and gave to all employees under this contract the right to recover compensation for injury no matter where it occurred. "Obviously," we say, on page 378, "it was intended to embrace all injuries occurring to such employees everywhere." We state the matter to be determined in these words (p. 374): "The respondent insists that our Act has no extraterritorial effect. That is not the precise question to be determined, but, rather, whether our Act provides for compensation, arising out of a contract of employment authorized by our Act, for injuries suffered without our jurisdiction. If our Act authorizes such a contract, recovery may be had; otherwise not." Later we reaffirmed this position in *Douthwright* v. *Champlin*, 91 Conn. 524, 526, 100 Atl. 97, saying: "We have held that our State might provide, in a workman's compensation Act, compensation for injuries arising out of and in the course of the employment under a contract made in Connecticut but performed outside our State," and that our Act had done this by necessary implication. And in the same case, at page 527, we stated: "Nor does our Act provide compensation for residents alone. . . . It gives compensation for 'any injury,' and this was intended to furnish to nonresident and resident alike, the new remedy. . . . It excepts certain classes, and the designation of these exceptions marks the only limitation upon the definition."

Among the reasons leading to the construction of our Act as providing for "compensation, arising out of a contract of employment authorized by our Act, for injuries suffered without our jurisdiction" as well

as within it, we gave in *Kennerson* v. *Thames Towboat Co., supra,* at page 375, these: "Neither employer nor employee can know what portion of this period of employment will be subject to the provisions of the Act, and no provision for insurance of this liability will be practically possible, since it may not ordinarily be known what part of the service will be in and what part out of the State, or in what jurisdiction the service will be performed, in industries and commercial enterprises engaged in intrastate and interstate employment. The State boundary is not the limit of very many businesses. To subject them to the laws of the many jurisdictions in which they may be engaged will be especially burdensome to them, and involve them probably in greater expense and liability and far greater difficulties than under the old system.

Equally hard will it prove to the employee, since he must pursue his remedy in the State of the accident, or the Federal court applying that State's law, and thus he may be brought under any one of many different compensation Acts, with whose provisions he cannot hope to be familiar; some Acts contractual in character, some compulsory, some optional, and some *ex delicto;* and he may find he has forfeited the benefit of the foreign Act through failure to comply with its provisions. A reading of the several Acts now in force convinces us that these difficulties are not imaginative, but imminent actualities."

In the *Kennerson* case, to the argument that if our Act is given extraterritorial force, similar effect must be given to like laws of other States, we replied (p. 381): "We should give similar effect to contracts of like character to those before us, though made under a compensation Act of another jurisdiction, provided they did not conflict with our law or public policy, and the machinery provided for the ascertainment and

collection of the compensation could be used in our jurisdiction."

In *Douthwright* v. *Champlin, supra,* at page 526, we reaffirmed this doctrine and held it to be a necessary corollary to the rule governing our own contracts of employment, unless one or the other party to it should indicate his refusal to accept the provisions of Part B of the Act. And we continued, on page 528: "If the contract had been made in New Jersey and the parties had accepted its terms, the contract itself would have included the feature of compensation. We would then have enforced the contract unless the special terms of the Act made its enforcement in this jurisdiction impracticable; for their Act, like ours, is voluntary and contractual, and our declared public policy favors an enactment of this kind. If the contract had been made in South Carolina, where there is no compensation Act, and the parties had upon entering upon its performance here accepted our Act or failed to indicate a refusal to accept it in the manner called for by the Act, it is not contended that the contract of hiring would not have been enlarged by the addition of our provision of compensation for any injured in the employment."

In the *Douthwright* case the contract of employment was made in Massachusetts but the plaintiff was injured in Connecticut on work done under his employment, and their Act is a contractual one, but, as construed by its Supreme Judicial Court, the Act has no extraterritorial force. In holding that our Act became a part of the contract of employment of Douthwright, we said, at page 528: "If the State in which the contract is made contains a compensation Act, but by its terms, or by the construction placed upon it by its own court, it is not operative outside the State of its origin, and the contract is performed in our State, the contract

is in exactly the same situation it would have been in had there been no compensation Act in the foreign State. In the one case we have no contract whatever which was made in reference to a compensation Act; in the latter case we have a contract made in reference to the foreign Act, but not in reference to an Act which made its compensation feature applicable in our State." Further, in that case, there had been an express acceptance of our Act by these parties.

We have thus held that a contract of employment made in a foreign State, to be performed in Connecticut, will be governed, as to compensation to an employee injured in Connecticut, by the Compensation Act of the foreign jurisdiction; provided the Act be contractual in character and gives compensation, and the court of its jurisdiction construes the Act as having extraterritorial effect. If the Act be not contractual, or under the law of its jurisdiction the Act has no extraterritorial effect, or if there be no Compensation Act in the foreign jurisdiction, the employee of the foreign employer in beginning work in Connecticut will, automatically, have incorporated in his contract of employment the provision for compensation for injury under our Act, unless one or the other party to the contract have indicated his refusal in accordance with the requirement of the Act.

Mr. Bradbury, in Bradbury's Workmen's Compensation (3d Ed.) 88, and in his note in 9 Anno. Neg. & Comp. Cases, 918, 932, has pointed out with especial force the difficulties which will beset employers, having employees in many States, in complying with the statutes and rules enforced in the various States, if the law of the place of the accident determines the place of compensation. Almost equally difficult would be the position of the employee. Each, Mr. Bradbury says, would have great difficulty in deter-

mining his rights and liabilities. "It would seem," he says, "that the application of the doctrine that the parties should be governed by the workmen's compensation law of the State where the contract of employment was made, would settle very many of the difficulties and conflicts which are bound to arise, and that any other doctrine would greatly multiply these difficulties."

Courts of other jurisdictions which have a Compensation Act contractual in kind, have adopted almost universally the view which we adopted in the *Kennerson* and the *Douthwright* cases. Some of these cases are: *Post* v. *Burger & Gohlke*, 216 N. Y. 544, 111 N. E. 351; *Barnhart* v. *American Concrete Steel Co.*, 227 N. Y. 531, 125 N. E. 675; *Grinnell* v. *Wilkinson*, 39 R. I. 447, 98 Atl. 103; *Gooding* v. *Ott*, 77 W. Va. 487, 87 S. E. 862; *Pickering* v. *Industrial Commission*, 59 Utah, 35, 201 Pac. 1029; *Darsch* v. *Thearle Duffield Fire Works Display Co.* (Ind.), 133 N. E. Rep. 525; *Industrial Commission* v. *Ætna Life Ins. Co.*, 64 Colo. 480, 174 Pac. 589; *State ex rel. Chambers* v. *District Court*, 139 Minn. 205, 208, 166 N. W. 185; *Hulswit* v. *Escanaba Mfg. Co.*, 218 Mich. 331, 188 N. W. 411; *Crane* v. *Leonard, Crossette & Riley*, 214 Mich. 218, 183 N. W. 204; *Stansberry* v. *Monitor Stove Co.*, 150 Minn. 1, 188 N. W. 977; *Smith* v. *Heine Safety Boiler Co.*, 224 N. Y. 9, 119 N. E. 878, *Same Case*, 119 Me. 552, 112 Atl. 516; *Anderson* v. *Miller Scrap Iron Co.*, 169 Wis. 106, 170 N. W. 275, 171 id. 935; *Pierce* v. *Bekins V. & S. Co.*, 185 Iowa, 1346, 1349, 172 N. W. 191.

The Maine case, reported in 119 Me. 552, 112 Atl. 516, concerned an injury in Maine under a contract of employment made in New York. The New York Court dismissed the claim for compensation because, at the time of the injury, New York had no Compensation Act. The Maine court speaks of the con-

tract as made in Massachusetts. But whether made there, where it is held their Act has no extraterritorial force, or in New York, where at the time of the injury there was no Act, the allowance of the claim can be supported by the doctrine of the *Kennerson* and *Douthwright* cases. The case was apparently decided upon the place-of-the-accident theory, a wrong ground for a right result.

The plaintiff's position assumes that the case of *Banks* v. *Howlett Co.*, 92 Conn. 368, 102 Atl. 822, has changed the law of this jurisdiction as announced in the *Kennerson* and *Douthwright* cases. This is a mistaken notion. What that case did was to make one additional exception to those already recognized by us. The employee, in that case, under a contract of employment made in New York under a contractual Act, but whose specific and sole object was an employment in Connecticut, was injured in Connecticut, and we held the employee was entitled to compensation under our Act. Our court made this exception to our rule in the belief that it would best promote the interests of both employers and employees. Further consideration of this subject, together with the almost universal course of decision in other jurisdictions having a Compensation Act of the same contractual kind and construed as having extraterritorial effect like ours, has satisfied us that the exception recognized in *Banks* v. *Howlett Co.*, *supra*, at page 371, should be confined to the precise case decided and stated by us to be: "The rule thus invoked (although perhaps limited in its practical application), to wit, that a Connecticut employment which is the specific and sole subject of the contract of employment, wherever made, within the operation of the Connecticut law governing the payment of compensation in cases of personal injury arising therefrom, appears to be one better calcu-

lated than any other to make for uniformity of treatment, both as between those engaged upon a given work and as between persons employed in Connecticut work generally, for simplicity and convenience in remedial proceedings, and for the preservation to Connecticut citizens of the benefits which it has seen fit to prescribe for the protection of Connecticut workmen."

The decision in *Harivel* v. *Hall-Thompson Co.*, 98 Conn. 753, 120 Atl. 603, applying our rule to a traveling salesman injured in Virginia while fulfilling a Connecticut employment, indicated our adherence to our rule so far as concerned a Connecticut contract of employment. Our rule as to a foreign contract of employment, with the exceptions already named, is equally well settled, yet we cannot but realize the impossibility of anticipating all the situations which may develop in this difficult feature of the compensation law, and of making now an unvarying rule which shall cover all possible cases. These cases must be dealt with as they arise.

The instant case is not the case of *Banks* v. *Howlett Co.* The foreign contract of employment contemplated employment in Massachusetts and New York as well as Connecticut, although the greater part of the employment was to be in Connecticut. The Connecticut employment was not the "specific and sole subject of the contract of employment," and therefore does not control the decision of this case. We are not disposed to extend the scope of the exception recognized in *Banks* v. *Howlett Co.* To apply it in this case, we must adopt the rule that foreign contracts of employment which contemplate a substantial part of the employment in Connecticut shall, in case of injury to an employee in such employment, in the matter of compensation, come within our Act. That

would result in the substitution of the rule of the law of the place of the injury, for our rule of the law of the place of the contract; for there would be little or no reason why there should be a distinction made between the substantial and the temporary employment in Connecticut.

This disposition of the ground of appeal, common to each defendant, makes it unnecessary to consider the grounds of appeal relied upon by the insurance carrier alone.

The Superior Court is advised to enter its judgment sustaining the appeal and vacating the award, in accordance with this opinion.

In this opinion the other judges concurred.