GENOEFFA PETTITI vs. T. J. PARDY CONSTRUCTION COMPANY ET AL.

Third Judicial District, New Haven, June Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

A memorandum of opinion has no proper place in the finding and award of a compensation commissioner; that should resemble in form the finding made upon appeal from a judgment of the Superior Court.

A contract of employment made in this State, to be performed in another State, will be governed as to compensation for an injury occurring in such other State, by our Compensation Act; and, conversely, if the contract is made in another State, to be performed here, it will be governed by the Compensation Act of the foreign State, provided it be contractual in character, like our own, and gives compensation, and is construed by the court of its jurisdiction as applicable, like ours, to injuries wherever occurring.

In the application of this rule, it is immaterial whether the contract

is to be solely and specifically performed in a particular State other than that where it is made, or whether it is to be partially or incidentally performed there.

In the present case, the plaintiff's husband made a contract in this State with a Connecticut corporation to act as foreman in the construction of a school building in Massachusetts. Before the building was finished and as the result of a quarrel with the superintendent, who told him to leave the job, he returned to Connecticut, but, within a few days, he was reinstated by the superintendent, who had merely intended to suspend him temporarily as a disciplinary measure. Thereafter, in addition to his ordinary duties, he agreed with the superintendent in Massachusetts to look after the boilers and fires for extra compensation, and while engaged in this part of his work, he received injuries arising out of and in the course of his employment which resulted in his death. *Held:*

1. That the subordinate facts did not support the defendant's claim that the decedent's reinstatement constituted a new contract of employment made in Massachusetts, since it was specifically found that he was only suspended, not discharged, from his original employment; and that, even if there was a new contract, it was made in Connecticut where the decedent accepted the offer to return to work.

2. That the arrangement concerning the care of the boilers and fires was an incident of the original employment and not an independent agreement, especially in view of the finding that the decedent was ordered to do this work by the superintendent whose commands he was, under his contract of employment, bound to obey.

3. That the contract of employment was governed by the Compensation Act of this State; and that the commissioner had jurisdiction to make an award in favor of the plaintiff.

4. That in so far as *Banks* v. *Howlett* Co., 92 Conn. 368, differentiates between a contract of employment to be principally performed in another State, and one to be solely performed there, it is overruled.

Argued June 2d—decided July 30th, 1925.

APPEAL by the defendants from a finding and award of the Compensation Commissioner for the fourth district in favor of the plaintiff, taken to the Superior Court in Fairfield County and reserved by the court, *Banks, J.,* for the advice of this court. *Superior Court advised to sustain the award of the Commissioner.*

*J. Dwight Dana,* for the appellant (defendant).

*Samuel Reich,* with whom, on the brief, was *Murray Reich,* for the appellee (plaintiff).

WHEELER, C. J. The Superior Court reserved for our advice the appeal from the compensation commissioner of the fourth district upon the finding of facts made by the commissioner as follows: The Pardy Construction Company is a general building contractor having its principal office in Bridgeport and doing business in Connecticut and in other States. Early in 1924, it secured the contract for the building of a parochial school in Webster, Massachusetts, and started this work in March, 1924. It, in Bridgeport, gave plaintiff the option of working on this job at an increase of twenty cents an hour over his ordinary pay of seventy cents. He accepted, in Bridgeport, and worked on the job as foreman of the laborers from the beginning of the job to the early part of August when he had a difference with the superintendent who told him to get off the job. This he did and returned to Bridgeport. The superintendent laid him off temporarily as a disciplinary measure, but did not discharge him. Within an hour or two after Pettiti left the job the superintendent made an effort to get him back. Within two or three days Pettiti got a fellow employee to intercede with the superintendent to take him back, which the superintendent did with the understanding that he would obey orders in the future. Pettiti continued to work until his death. When the weather became cold the superintendent made an arrangement with him to look after the boilers and keep the fires burning for which he was to receive extra pay. While taking care of the furnace fires he met with an accident as a result of which he subse-

quently died.   The defendant employer carried com-
pensation insurance on its employees in Connecticut
with the Employers Liability Assurance Corporation,
and on its employees in Massachusetts with the Mas-
sachusetts Bonding and Insurance Company.

The commissioner found that the accident which
resulted in Pettiti's death arose out of and in the
course of his employment and adjudged that respond-
ents pay the claimant a stated award.   The finding
comprises both the finding of facts and a memorandum
of opinion.   This violates our repeated instruction.
The finding and award should conform to the finding
of facts in a case tried to the court in an appeal from
a Superior Court judgment.   It should contain the
recital of facts found, the conclusions reached by the
commissioner upon these subordinate facts, the claims
of law made by the appellant, the rulings made there-
on, and the judgment rendered.   The commissioner
may also file a memorandum containing the reasons
for his conclusions and judgment.

The appeal is based upon three grounds.   We take
them up in the order of appellant's brief.

Claim 1:  That the contract of employment in the
course of which Pettiti was injured was made in Mas-
sachusetts, since his original contract to work on the
Webster job was terminated in August, 1924, and five
days later he was re-employed under a new contract
of employment which was made in Massachusetts.
The claim is predicated upon the fact that Pettiti was
discharged in August.   The finding is that he was tem-
porarily laid off, that is, suspended, as a disciplinary
measure by the superintendent, and as the finding
clearly shows with the intention of continuing him
in his work on the job.   The claim is further predi-
cated upon the fact that the new contract was made
in Massachusetts.   That is an assumption which the

record does not sustain. If there was a new contract it was not completed until its acceptance by Pettiti and that was given in Bridgeport. There was no new contract made in August; the contract temporarily suspended was continued.

Claim 2: That the employment of tending the boilers was a new contract, and independent of Pettiti's contract as foreman of the laborers, and was made in Massachusetts in the fall of 1924. If this was a new contract, appellant's claim as to the place of its making necessarily follows. It cannot be held to be a new contract. There was only one contract of employment, and a change of the work done, or the compensation paid the employee, would not change the relation existing between this employer and employee. The doing of additional work for increased pay was an incident of the contract of employment. To hold otherwise might, in some cases, where the day's work was distributed among several lines of work, create as many different contracts of employment, and with every new piece of work outside the particular work for which the employee was employed a new contract would be formed. The work done at one time would be under the Connecticut Compensation Act, while just succeeding its performance, the next work done would be under another State Compensation Act. The result would be a situation intolerable to both employer and employee. Neither employer nor employee intended the formation of a new contract with each change in the character of the work. The commissioner has found that Petitti was hired to take orders from the superintendent, and pursuant to this he was ordered to take care of the boilers. The work done upon the boilers, in view of this finding, may well be held to fairly come within the original contract of employment.

Pettiti v. Pardy Construction Co.

Claim 3: That the Connecticut Workmen's Compensation Act does not apply because the contract of employment was made with distinct and sole reference to employment in Massachusetts. The contract of employment with Pettiti was made in Connecticut, the specific and sole subject of that contract being performed in Massachusetts. The facts found are identical with those in *Banks* v. *Howlett Co.*, 92 Conn. 368, 102 Atl. 822. There the contract of employment was made in New York, but having sole and specific reference to a job to be performed in Connecticut, and we held that an employee injured while at work here came within the operation of our Act. It is apparent that if we sustain the award in this case we must overrule *Banks* v. *Howlett Co., supra*. The claims made in this case make it necessary to re-examine the ground of that case.

We held in *Kennerson* v. *Thames Towboat Co.*, 89 Conn. 367, 94 Atl. 372, that where the parties to a contract of employment had by their express or implied election made our Compensation Act a part of that contract, the employee under such a contract had the right to recover compensation under our Act for injury suffered in the course of and arising out of this employment no matter where it occurred. At this time only two cases in the United States had decided the point, one in accordance with, the other opposed to, our view. We later reaffirmed the position taken in the *Kennerson* case, in *Douthwright* v. *Champlin*, 91 Conn. 524, 526, 100 Atl. 97. The reasons we gave in support of the position taken need not be repeated.

In *Hopkins* v. *Matchless Metal Polish Co.*, 99 Conn. 457, 465, 121 Atl. 828, we re-examined these cases and adhered to their view. Citing a large number of cases to the point, we say: "Courts of other jurisdictions which have a Compensation Act contractual in kind,

have adopted almost universally the view which we adopted in the *Kennerson* and the *Douthwright* cases." In the *Kennerson* case we say (p. 381): "We should give similar effect to contracts of like charac- ter to those before us, though made under a Com- pensation Act of another jurisdiction," etc. And in *Hopkins* v. *Matchless Metal Polish Co., supra,* we thus summarize the holding of these decisions as to a con- tract of employment made in a foreign State to be performed in Connecticut: "We have thus held that a contract of employment made in a foreign State, to be performed in Connecticut, will be governed, as to compensation to an employee injured in Connecticut, by the Compensation Act of the foreign jurisdiction; provided the Act be contractual in character and gives compensation, and the court of its jurdisdiction con- strues the Act as having extraterritorial effect. If the Act be not contractual, or under the law of its juris- diction the Act has no extraterritorial effect, or if there be no Compensation Act in the foreign jurisdiction, the employee of the foreign employer in beginning work in Connecticut will, automatically, have incorpo- rated in his contract of employment the provision for compensation for injury under our Act, unless one or the other party to the contract has indicated his refusal in accordance with the requirement of the Act." We also point out in this case that "the deci- sion in *Harivel* v. *Hall-Thompson Co.,* 98 Conn. 753, 120 Atl. 603, applying our rule to a traveling salesman injured in Virginia while fulfilling a Connecticut em- ployment, indicated our adherence to our rule so far as concerned a Connecticut contract of employment."

In explaining and distinguishing *Banks* v. *Howlett Co., supra,* we point out that it is an exception to the rule announced in the *Kennerson* and *Douthwright* cases and that further consideration of this subject,

together with the almost universal course of decision
in other jurisdictions having a Compensation Act of
the same contractual kind and construed as having
extraterritorial effect like ours, has satisfied us that
this exception to our rule should be confined to the
precise point decided in that case.  *Hopkins* v. *Match-
less Metal Polish. Co., supra,* differed in its facts from
*Banks* v. *Howlett Co.* in that the contract of employ-
ment made in New Jersey contemplated that the prin-
cipal services of the employee should be rendered in
Connecticut, but that he should also render services
in New York and Massachusetts.  In accordance with
the doctrine we quote, we held that the Compensation
Act of New Jersey, contractual in character, con-
trolled, and that the compensation commissioner of
this State had no jurisdiction.  Reference to the cases
cited in notes to *State ex rel. Chambers* v. *District
Court,* 3 A. L. R. 1351 (139 Minn. 205, 166 N. W. 185);
*Crane* v. *Leonard, Crossette & Riley,* 18 A. L. R. 292
(214 Mich. 218, 183 N. W. 204); *Altman* v. *N. D.
Workmen's Compensation Bureau,* 28 A. L. R. 1345
(195 N. W. [N. D.] 287); *Smith* v. *Van Noy Inter-
state Co.,* 35 A. L. R. 1414 (150 Tenn. 25, 262 S. W.
1048), and to the cases decided since the note in 35
A. L. R. was published, *Anderson* v. *Miller Scrap Iron
Co.,* 169 Wis. 106, 170 N. W. 275; *Donohue* v. *Rob-
ertson Co.,* 205 N. Y. App. Div. 176, 199 N. Y. Supp.
470, and *Anderson* v. *Jarrett Chambers Co.,* 210 N. Y.
App. Div. 543, will demonstrate how overwhelming is
the authority in support of the doctrine of the *Ken-
nerson* and *Douthwright* cases.  The exception found
in *Banks* v. *Howlett Co.* is without support except in
a few cases.  If we make this exception in the case
of a contract made in New Jersey and to be performed
solely in this State, we must make a like exception
when the contract is made in this State and to be

performed solely in New Jersey. When we do this we conflict with the doctrine of the *Kennerson, Douthwright* and *Hopkins* cases. In the light of the abundance of authority since *Banks* v. *Howlett Co.* was decided, we are compelled to the opinion that no adequate reason can be given for making a difference between the contract of employment to be principally performed in another State, and that where it is to be solely performed there. The reasons we gave in the *Kennerson* and *Douthwright* cases and affirmed in the *Hopkins* case, for our holding, that a contract of employment made in Connecticut under our contractual Act and to be performed outside the State, brought the injury suffered in the course of and arising out of the employment outside the State within our Compensation Act, are equally applicable to the contract of employment made outside this State but to be performed in whole or in part here, subject only to the limitations which we summarize in the quotation above from the *Hopkins* case. The practical considerations to both employee and employer make this holding imperative. Those within and without the State may make their contracts of employment with understanding, and with certainty as to the governing Compensation Act. We have read with interest and care the strong argument which the appellant presents upon this point; in fact it reaches further than this precise point and is an attack upon the soundness of the reasoning underlying the *Kennerson, Douthwright* and *Hopkins* cases and of the great body of authority in this country to which we have referred in support of our reasoning, and we remain unconvinced of our error.

The Superior Court is advised to enter its judgment dismissing the appeal and sustaining the award of the Commissioner in accordance with this opinion.

In this opinion the other judges concurred.