## FORD, BACON & DAVIS, Inc., v. VOLENTINE.
### No. 6862.

Circuit Court of Appeals, Fifth Circuit.
April 15, 1933.

Rehearing Denied May 15, 1933.

David Clay Bramlette, of Woodville, Miss., for appellant.

Richard H. Switzer, of Shreveport, La., and John Brunini, of Vicksburg, Miss., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

Reuben J. Volentine and his wife, citizens of Louisiana, sued Ford, Bacon & Davis, Inc., a corporation of New Jersey, in a federal court in Mississippi to recover compensation under the Louisiana Workmen's Compensation Law (Gen. St. La. 1932, § 4391 et seq.) for the death of their son, Odus Volentine, on whom they were partly dependent, due to an injury received while he was at work in Mississippi in pursuance of a hiring in Louisiana to be performed wholly in Mississippi. Their joint claim was for more than $3,000 but the wife died pending

the suit and the husband by amendment alleged her death and prayed a recovery of his half of the compensation, which is less than $3,000. Jurisdiction of the amended suit was challenged.

An amendment so reducing the amount claimed would ordinarily relate back to the commencement of the action and show the controversy never to have been really and substantially one of which the federal court had jurisdiction. The plaintiff would thus amend himself out of court under 28 USCA § 80. But the present amendment does not have this effect because it merely discloses a fact which arose after the suit and recognizes its legal consequences, without impugning the original propriety of the jurisdiction. Only one compensation was due for the death, and it belonged to the husband and wife, who rightly joined in suing. The wife dying and the Compensation Act providing for no survivorship of her right, the husband assumed that it perished with her, and by his amendment he asked and was allowed to proceed for his part of the compensation. The jurisdiction of the court which had fully and rightly attached was not ousted thereby any more than if the suit had been for a house worth $2,000 on a lot worth $2,000 and the house had burned before trial. In cases like that supposed or like that before us it might happen that a bar had attached pending suit which would prevent success in a new action in the state courts for the lessened amount. Federal jurisdiction depends on the facts at the time suit is commenced, and subsequent changes neither confer nor devest it. This is well settled as to diversity of citizenship. Tug River Co. v. Brigel (C. C. A.) 86 F. 818; Hardenbergh v. Ray, 151 U. S. 112, 14 S. Ct. 305, 38 L. Ed. 93; Clarke v. Mathewson, 12 Pet. 164, 9 L. Ed. 1041; Dunn v. Clarke, 8 Pet. 1, 8 L. Ed. 845; Mullen v. Torrance, 9 Wheat. 537, 6 L. Ed. 154. It has also been held, we think correctly, touching the amount involved. Mutual Life Ins. Co. v. Rose (D. C.) 294 F. 122; Cohn v. Cities Service Co. (C. C. A.) 45 F.(2d) 687. The case was rightly retained for trial.

Touching the merits, the plaintiff successfully contended that the Louisiana Compensation Act went with the employee into Mississippi, which state has no compensation act, and that the six-year limitation law of Mississippi (Code Miss. 1930, § 2292) applied instead of the one-year bar of the Louisiana act (Gen. St. La. 1932, § 4420). The defendant contended that the law of Mississippi which was the place of injury applied,

and since under that law there is no liability without fault for injury or death, and since the deceased was killed by his own negligent driving of his own truck, no recovery was possible; or if the Louisiana act be enforced its own bar of one year defeats the suit begun after that time. One becomes liable for an injury either because he has agreed to be or because the law imposes liability on him. In the former case the contract is the source of the obligation and the law contemplated by the parties in making it, as it then existed, is controlling. In the latter case the law of the place of the injury at the time of the injury controls. This broad distinction obtains in conflicts between the law of the sea and that of the land as well as between the laws of different states. As regards the relationship of master and servant statutory impositions of liability without consent are best named employer's liability laws, and they have operation only in the territory over which the legislature making them has authority. Those laws which propose a scheme of compensation for injury or death arising out of the employment and which attach to the contract of employment as an incident of it are properly called workmen's compensation laws. They may be compared to an industrial insurance whose cost to the industry is adjusted in the wages paid or in the prices put on the product, so far as not offset by escape from the former liabilities which are superseded. Such of these laws as are entirely elective are clearly contractual, although the election to employ under them be presumed unless renounced. The Louisiana statute is of this class, all the hirings of the kind here involved being presumed to be under the law, but a declaration to the contrary can be made in writing either at the time of employment or afterwards if thirty days before the injury. Under elective laws the obligation to make compensation exists because the parties to the employment have expressly or impliedly agreed to it, surrendering their rights to other adjustment for injuries. Where, as in this case, the entire performance of the employment is to be in another state, a serious question may exist whether the parties did not really contract with reference to the law of that other state, which ought accordingly to enter into the contract rather than the law of the place of its making. Pritchard v. Norton, 106 U. S. 124, 1 S. Ct. 102, 27 L. Ed. 104. Where there were compensation acts in both states, and the service was to be wholly performed in the state of injury, this court gave effect to the law of that state rather than the law of the state where the contract of employment was

802

made. American Mutual Liability Ins. Co. v. McCaffrey (C. C. A.) 37 F.(2d) 870. A like view was taken in Durrett v. Eicher-Woodland Lumber Co., 19 La. App. 494, 140 So. 867, where the contract was made in Louisiana but the work was to be done in Mississippi. See, also, Johns-Manville, Inc., v. Thrane, 80 Ind. App. 432, 141 N. E. 229. Many courts, however, disregarding the place where the services are to be rendered, have considered that an elective compensation act of the place of contract follows the employee wherever he renders service under the contract, and is to be enforced in suits for injuries in other states unless that compensation act itself provides against its applying beyond its own state or unless the public policy of the forum or a lack of necessary machinery prevents its enforcement. Pettiti v. Pardy Construction Co., 103 Conn. 101, 130 A. 70; Zurich Co. v. Industrial Commission, 193 Wis. 32, 213 N. W. 630; Smith v. Van Noy Co., 150 Tenn. 25, 262 S. W. 1048, 35 A. L. R. 1409; Altman v. Compensation Bureau, 50 N. D. 215, 195 N. W. 287, 28 A. L. R. 1337; Crane v. Leonard, Crossette & Riley, 214 Mich. 218, 183 N. W. 204, 18 A. L. R. 285. The sanction of the due faith and credit clause of the Federal Constitution (art. 4, § 1) was applied to compel recognition as a defense of the elective law of the place of the contract where that contract contemplated service also in the place of injury, in Bradford Electric Light Co. v. Clapper, 286 U. S. 145, 52 S. Ct. 571, 76 L. Ed. 1026. The Louisiana act was applied in a Louisiana court to an injury in Florida in Hargis v. McWilliams Co., 9 La. App. 108, 119 So. 88. It was applied in this court to an injury in Texas. United Dredging Co. v. Lindberg (C. C. A.) 18 F.(2d) 453.

 But in this case we find it unnecessary to decide whether or not it followed the employee into Mississippi, for if it did liability is defeated by its provision: "In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death * * * proceedings have been begun as provided in sections 17 and 18 of this act," La. Gen. St. § 4420; for this suit was not filed within a year after the death. While ordinarily the limitations of the forum are applied as pertaining merely to the remedy, there is an exception where the cause of action is created by a foreign statute which also fixes a limitation for its assertion. The limitation is then considered to be a condition of the right, so that no recovery is al-

lowed where recovery would be barred by the law which gives the right. The Harrisburg, 119 U. S. 199, 7 S. Ct. 140, 30 L. Ed. 358; Dennis v. Atlantic Coast Line R. R. Co., 70 S. C. 254, 49 S. E. 869, 106 Am. St. Rep. 746; 17 R. C. L., Limitations, § 52; 8 R. C. L., Death, § 84. Such is the rule where the statutory liability arises out of a contract, such as a stock subscription, Brunswick Terminal Co. v. National Bank of Baltimore (C. C. A.) 99 F. 635, 48 L. R. A. 625, or the acceptance of a directorate, Davis v. Mills, 194 U. S. 451, 24 S. Ct. 692, 48 L. Ed. 1067; Northern Pac. R. R. v. Crowell (D. C.) 245 F. 668. And if we look on the optional Louisiana Compensation Act as no imposed liability at all but a voluntary contract, then the limitation contained in it becomes a contractual limitation which the Legislature could not retroactively change and which the law of the forum could not constitutionally substitute. Home Ins. Co. v. Dick, 281 U. S. 397, 50 S. Ct. 338, 74 L. Ed. 926, 74 A. L. R. 701. That it is such a contractual limitation was the view of the Supreme Court of Louisiana in holding that a subsequent legislative change in it did not and could not affect precedent rights. White v. Louisiana Western Ry. Co., 174 La. 308, 140 So. 486.

The court to which the present case was submitted without a jury ought to have sustained the defendant's motion for a judgment in its favor.

The cause is reversed and remanded, with direction to enter judgment for the defendant.