Charles E. BUCKMAN, Appellant,

v.

REPUBLIC STRUCTURAL PAINTING CORPORATION, Appellee.

Court of Appeals of Kentucky.

May 31, 1957.

# 856

Allen P. Dodd, Jr., George J. Long, Dodd & Dodd, Louisville, for appellant.

Louis Seelbach, Albert Reutlinger, Louisville, for appellee.

CULLEN, Commissioner.

Charles E. Buckman, a resident of Kentucky, was employed by the Republic Structural Painting Corporation, an Ohio company, to paint a bridge located in Jefferson County, Kentucky. He signed a contract with the company agreeing to be bound by the Ohio workmen's compensation law, R. C. § 4123.01 et seq. and agreeing that his right to compensation benefits under the Ohio law would be the exclusive remedy for injuries sustained by him in the employment. He fell from the bridge and was injured. Compensation benefits were awarded him under the Ohio law, and while he was continuing to receive compensation payments be brought the present action in Kentucky, seeking to recover common law damages based on negligence of the company causing his injury. The company asserted several defenses, chief of which was the contract agreeing to be bound by the Ohio compensation law. The court gave summary judgment for the company, based on the contract defense. Buckman has appealed, maintaining that the contract violates the public policy and statutes of Kentucky, which, he says, guarantee a remedy under Kentucky law for injuries sustained in this state.

It appears to be well settled among authorities from other jurisdictions, including the Supreme Court of the United States, that the mere fact that an employer and employe are subject to the workmen's compensation law of the state in which the contract of employment was made does not preclude the employe from seeking compensation under the workmen's compensation law of the state in which the injury occurs, if the employe and employer are in fact subject to the latter law. See discussion in Industrial Indemnity Exchange v. Industrial Accident Commission, 80 Cal. App.2d 480, 182 P.2d 309. The reasoning is that the state in which the injury occurred, having declared by *legislation* its policy with respect to compensation for injuries occurring within the state, is not required under the "full faith and credit" clause of the Federal Constitution, Const. art. 4, § 1 to yield to the law of the state in which the contract of employment was made. See Pacific Employers Ins. Co. v. Industrial Accident Commission, 306 U.S. 493, 59 S.Ct. 629, 83 L.Ed. 940.

However, where there is nothing in the law of the state of the place of injury to express a public policy requiring the granting of a common law remedy, and the workmen's compensation law of the state in which the contract of employment was made (to which law the employer and employe have subjected themselves) provides that compensation under the law excludes a common law remedy, the employe cannot sue at common law in the state in which the injury occurred. Bradford Electric Light Co. v. Clapper, 286 U.S. 145, 52 S.Ct. 571, 76 L.Ed. 1026.

The appellant has not cited to us any case, nor have we discovered any, where the state in which the injury occurred refused to give effect to an express contract, such as we have here, by which the employe agreed to be bound by the compensation law of the state in which the contract of employment was made, and agreed that this should be exclusive of any common law remedy. While perhaps such a contract might conceivably violate public policy of the state in which the injury occurs, we think it would require a strong, clear expression of public policy to overcome the contract.

Our problem, then, is to determine whether Kentucky has an established, clear policy requiring the granting of a common law remedy for injuries occurring in this state.

 The appellant places considerable reliance upon KRS 342.050 (a part of our Workmen's Compensation Act) which provides that "no contract * * * shall in any manner operate to relieve any employer in whole or in part of any obligation created by this chapter." We think it is clear that this statute has no application here, because the employer and employe are not subject to the Kentucky compensation law and no obligation under that law is sought to be asserted against the employer.

An indication of the public policy of this state concerning the extra-territorial effect of workmen's compensation laws may be found in KRS 342.045, which provides that in the absence of a special agreement, "the remedies provided by this chapter shall be exclusive as regards injuries received outside this state". Since this statute purports to make the Kentucky law the exclusive remedy for injuries received in another state, it would be presumptious for this Court to ascribe to our state a "dog in the manger" attitude refusing to give effect to a similar statute of another state.

 While Kentucky has an interest in the economic consequences and social effects of injuries occurring to persons within its borders, and may elect to provide remedies that need not yield to statutory remedies of other states, we find no evidence of a public policy of this state against recognition of a contract by an employe to accept the compensation benefits of another state in lieu of his common law remedy.

In Barnhart v. American Concrete Steel Co., 227 N.Y. 531, 125 N.E. 675, the New York court held that a contract between an employer and employe in New Jersey, by which the parties agreed to be bound by the New Jersey compensation law, barred a common law action in New York by the employe, against the employer, to recover for personal injuries sustained in New York. Other holdings to the same effect may be found in Pierce v. Bekins Van & Storage Co., 185 Iowa 1346, 172 N.W. 191; Gooding v. Ott, 77 W.Va. 487, 87 S.E. 862, L.R.A.1916D, 637; Pettiti v. T. J. Pardy Construction Co., 103 Conn. 101, 130 A. 70; Crane v. Leonard, Crossette & Riley, 214 Mich. 218, 183 N.W. 204, 18 A.L.R. 285.

Appellant relies upon Carroll v. Lanza, 349 U.S. 408, 75 S.Ct. 804, 99 L.Ed. 1183. However, the holding in that case was merely that the Missouri workmen's compensation law did not bar a common law action for personal injuries in Arkansas, where the injury occurred, against a *third party*.

This Court has recognized that a person may contract to accept workmen's compensation remedies in lieu of his right to sue at common law for personal injuries. Kentucky State Journal Co. v. Workmen's Compensation Board, 161 Ky. 562, 170 S.W. 437, 1166, L.R.A.1916A, 389; Greene v. Caldwell, 170 Ky. 571, 186 S.W. 648. We find no basis for a conclusion that it is only an acceptance of the workmen's compensation law of *this state* that can operate to waive the common law remedy.

It is our opinion that the trial court correctly held the contract to be a bar to this action.

The judgment is affirmed.